**EXHIBIT B**

Filed
6/18/2018 3:26 PM
Esther Degollado
District Clerk
Webb District
Rene Gutierrez
2018CVK000930D2

CAUSE NO. 2018CVK000930D2

| | | |
|---|---|---|
| OILTON 26, LTD. | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | 111th JUDICIAL DISTRICT |
| | § | |
| JAVALINA WIND ENERGY II, LLC, | § | |
| BLATTNER ENERGY, INC., | § | |
| NEXTERA ENERGY RESOURCES, LLC, | § | |
| NEXTERA ENERGY SERVICES, LLC, | § | |
| ROMAN GALINDO AND ED LOEB | § | |
| *Defendants.* | § | WEBB COUNTY, TEXAS |

**PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, OILTON 26, LTD., "Plaintiff"), complaining of JAVALINA WIND ENERGY II, LLC, NEXTERA ENERGY RESOURCES, LLC, NEXTERA ENERGY SERVICES, LLC, ROMAN GALINDO and ED LOEB, (collectively "Defendants"), and as grounds for its claims, Plaintiff would respectfully show the Court as follows:

## I. DISCOVERY

1.  Plaintiff alleges that discovery in this case should be conducted according to a Level 3 discovery control plan tailored to the circumstances of this specific suit pursuant to Rule 190.4 of the Texas Rules of Civil Procedure.

## II. PARTIES

2.  Plaintiff OILTON 26, LTD is a Texas limited partnership.

3.  Defendant JAVALINA WIND ENERGY II, LLC is a foreign limited liability company registered with the State of Texas and conducting and transacting substantial business in Webb County, Texas. Defendant JAVALINA WIND ENERGY II, LLC may be served

1

A True copy of the original, I certify the 21ST day of June, 20 18
ESTHER DEGOLLADO
Clerk of the District Courts and County Court at Law, Webb County, Texas
By _____ Deputy

serving its registered agent for service Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

4. Defendant BLATTNER ENERGY, INC. is a foreign for-profit corporation registered with the State of Texas and conducting and transacting business in Webb County, Texas. Defendant BLATTNER ENERGY, INC. may be served by serving its registered agent for service National Registered Agents, Inc., 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

5. Defendant NEXTERA ENERGY RESOURCES, LLC is a foreign limited liability company registered with the State of Texas and conducting and transacting substantial business in Webb County, Texas. Defendant NEXTERA ENERGY RESOURCES, LLC may be served by serving its registered agent for service Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

6. Defendant NEXTERA ENERGY SERVICES, LLC is a foreign limited liability company registered with the State of Texas and conducting and transacting substantial business in Webb County, Texas. Defendant NEXTERA ENERGY SERVICES, LLC may be served by serving its registered agent for service Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

7. Defendant, ROMAN GALINDO, is a citizen of the State of Texas, and whose address is unknown at this time.

8. Defendant, ED LOEB's citizenship is unknown and his residence is also unknown at this time.

### III. VENUE

9. Venue of this action is mandatory in Webb County, Texas, pursuant to TEXAS CIVIL PRACTICE AND REMEDIES CODE § 15.002(a)(1), since all or a substantial part of the events

or omissions giving rise to Plaintiff's claims occurred in Webb County, Texas. Additionally, the property which is the subject of this litigation is in Webb County, Texas. TEXAS CIVIL PRACTICE AND REMEDIES CODE § 15.011.

## IV. JURISDICTION

10. The damages sought by Plaintiff are within the jurisdictional limits of the Court, and Plaintiff seeks monetary relief over $1,000,000.00.

## V. FACTUAL BACKGROUND

11. This suit involves Defendants' conduct and refusal to comply with the representations and agreements contained in that certain Wind Lease Agreement effective March, 2014, by and between Quita Wind Energy, LLC and G.B.G. Ranch, Ltd., (as Landowner) and Torrecillas Wind Energy, LLC (as "Lessee") covering 6,709.81 acres of land, more or less (the "Leased Premises"), in Webb County, Texas (the "Wind Lease"). The said Wind Lease has through successive assignments been assigned to the Defendant, Javalina Wind Energy II, LLC ("Defendant Javalina"). Defendant NexTera is the current operator of the Wind Lease. Defendant Blattner Energy did a substantial, if not all, of the laydown work relating to the lease. Defendant Ed Loeb was also an individual involved in the operations on Plaintiff's lease. The Plaintiff herein is the successor-in-interest to G.B.G. Ranch, Ltd., the surface owner and Quita Wind Energy, L.L.C.

12. This suit also involves the numerous misrepresentations and agreements made by the Defendant, Roman Galindo ("Defendant Galindo"), and Defendant Ed Loeb ("Defendant Loeb") to the Plaintiff which all are tantamount to fraud and misrepresentation. Defendants Galindo and Loeb falsely represented to the Plaintiff, on numerous occasions, that they would abide by instructions provided by the Plaintiff concerning activity restricted in the Wind Lease,

only to blatantly defy the Plaintiff's instructions. Plaintiff acted in reliance on the representations made by Defendants Galindo and Loeb when scheduling business activity on the Leased Premises, and determining upkeep of fences and gates on the Leased Premises, but Plaintiff suffered injury when Defendants Galindo and Loeb repeatedly failed to follow Plaintiff's instructions. In particular, Defendants Galindo and Loeb falsely represented to Plaintiff that they would only use the gates and roads specified by the Plaintiff to access the Leased Premises, but then proceeded to use several unauthorized gates and roads, including gates and roads created without Plaintiff's authorization. This unauthorized conduct resulted in the Plaintiff suffering injury and damages due to the destruction of roads, gates, and fences caused by Defendants Galindo and Loeb both individually and as agents and representatives of Defendant companies when they refused to use the gates and roads specified by Plaintiff. These were substantial and material false representations made by Defendants Galindo and Loeb to Plaintiff.

13. The Plaintiff would state that all of the Defendants, both individually and in concert with each other, have engaged in a continuing course of conduct commencing since approximately May 16, 2016 and up until the present time ignoring Plaintiffs' agreements and directions and have engaged in conduct in direct conflict with the express representations made in the Wind Lease, and representations made by Defendants Galindo and Loeb to Plaintiff, regarding the use of gates and roads for access to the Leased Premises, the filing of mechanic liens, and other material issues relating to the Wind Lease.

14. Defendants have taken action contrary to the express provisions of the Wind Lease above described, and have essentially ignored verbal, telephonic, email and posted signage instructions, and objections by Plaintiff. Defendants Galindo, Loeb, and Javalina have disregarded the provisions of the Wind Lease relating to, among other things, the requirement

that lessee properly close gates used to access the Leased Premises, the unauthorized and unlawful use of defined gates and roadways, breaches of the specifications for fences and the standards for braces for the fences and cattle guards.

15. The Defendants, despite representations made to Plaintiff that they would act as repeatedly instructed by Plaintiff when conducting operations relating to the Wind Lease, (including access of the Leased Premises only through certain gates and roads) have consistently and repeatedly failed to follow the instructions of the Plaintiff and the requisite notices as called for under the Wind Lease. This has resulted in repeated injury and damages to the Plaintiff and is tantamount to fraud and misrepresentation. The Defendants in concert with each other have failed to perform their obligations and made misrepresentations to Plaintiff tantamount to fraud.

16. All of the above violations constitute fraud and misrepresentation by Defendants to Plaintiff. Defendants represented to Plaintiff that they would abide by the Wind Lease and Plaintiff's instructions, but have totally ignored the Wind Lease notice provisions. Plaintiff requests that it be reasonably compensated for the continued wrongful use of roads and the Defendants' wrongful crossing and use of roads onto neighbor's lands without compensation. Additionally, the Defendants, despite their representations to the contrary, totally ignored the Lease requirement that more than ten acres of caliche to be used for a laydown yard be piled up and left on the Leased Premises for Plaintiff's use. Instead, Defendants left two very small loads of caliche on Plaintiff's property, which is far less than the amount of caliche used on the laydown yard, and the deficiency in the amount to be placed on Plaintiff's property is also the subject of Plaintiff's claims herein.

A. HUNTING

17. The Plaintiff has previously made written requests of Defendant Javalina that they pay to Plaintiff the monetary damages caused by the Plaintiff's loss of the opportunity to lease the entire 6,709.81 acres of property for hunting during the 2016-2017 hunting season. The conduct and operations conducted by the Defendant Javalina, up to and including the 2016-2017, hunting season were to such a degree and extent that the conducting of any hunting operations on the Lease property would not have been prudent, safe and certainly not conditions for marketing the hunting rights, and it would have endangered personnel on the premises. The degree of activity created by Defendant Javalina's operations was such that it was tantamount to an actual and/or a constructive notice and eviction of the hunters and Plaintiff's opportunity to lease for hunting. The loss of opportunity of hunting is as a result of Defendants' construction operations and the damages resulting from Defendants' construction operations impacting the 2016-2017 hunting season is $14.00 x 6709.81, which totals $93,937.34, plus interest until date of payment.

B. GATES

18. The Plaintiff would state that the Defendants and their employees and representatives have repeatedly left gates open and unlocked. Defendants' conduct in leaving gates open resulted in 1709.81 acres not being leased for hunting for the 2017-2018 hunting season, causing damages in the amount of $23,937.34. Defendants' continuous disregard to close and lock gates has resulted in additional damages to Plaintiff's property. As such, the Plaintiff requests that this Honorable Court grant damages and appropriate injunctive relief and order the Defendants to: (1) access turbines 10-20 and turbines 7-9 through gate 1 and over and across the new road connecting said turbine areas to be built by the Defendants at the direction of Plaintiff; (2) access turbine 1 through gate 2, as the Wind Lease specifies that access to the

Leased Premises through the main gate is strictly prohibited; and (3) access turbines 2-6 shall through gate no. 3.

19. Additionally, the Plaintiff requests that the Defendants be ordered to construct a substantial road with caliche to the standard specifications of the Wind Lease on all of the roads that have been used and are to be used for accessing any of the turbines on the Leased Premises. This would include the new road to be built at turbine 7 connecting turbines 10-20 to turbines 7-9. The Plaintiff further requests that this Honorable Court order that: (1) the Defendants are to install steel cattle guards on any interior fenced pastures through which Defendants drive, or where any cable lines are located, and gates where said Defendants cross an interior fence; (2) in no event shall Defendants use the main ranch road for any purpose; (3) the Defendants are not to use any cabling senderos; and (4) the braces at each of the cattle guards and entrances shall be in accordance with the specifications in the Wind Lease, which calls for metal gates and braces being six (6) ten foot posts with no less than eight-inch tops and each buried at least five feet into the ground.

## C. ROADS AND GATES

20. The Wind Lease in Section 12.1 provides as follows:

12.1 *Roads and Gates*. Unless otherwise agreed to in writing by Landowner, Lessee agrees to use the gates and roadways designated by Landowner to enter and leave the Property. Lessee and all persons entering or leaving the Property in connection with Lessee's operations hereunder shall keep all gates along the route or routes designated for such use securely closed except immediately before and immediately after each such separate use. During the Term, Lessee may place separate locks on each perimeter access gate. Lessee agrees to place a gate guard who is reasonably acceptable to Landowner at a mutually acceptable location during at any time which Lessee is conducting clearing operations or installing Improvements under this Lease. In connection with any roads which Lessee desires to build, Lessee agrees to consult with Landowner as to the location of such roads and to accommodate Landowner in selecting reasonable access and will construct such diversion terraces along any new roads as may be reasonably necessary to reduce soil erosion, provided that Landowner shall make itself or its

>representatives available for consultation within a reasonable time after obtaining a request from Lessee, and Landowner shall not unreasonably delay Lessee's operations. If requested by Landowner, Lessee agrees to install cattle guards and, at Landowner's option, pipe gates to the side of each cattle guard at each fence crossing.

The Defendants in this case have failed to use the procedures outlined above for the use of gates and fences. In fact, the Defendants cut two boundary fences without Plaintiff's written consent and as a result of such wrongful conduct benefited themselves and saved thousands of dollars during the construction phase of this project. The Defendants should not be enriched by the savings resulting from their wrongful conduct by cutting fences and wrongful use of roads during construction, and thereafter. The gates installed by the Defendants are of light aluminum and not substantial metal gates as called for in the Wind Lease. The Defendants further have failed to consult with Plaintiff as to the selection of gate guard and location of roads in selecting reasonable access to the Property, as required in the Wind Lease. The Defendants have failed to contact the Plaintiff to consult regarding the construction of roads, caliche construction, and the construction of diversion terraces on those roads. The Defendants should be ordered to pay the damages and savings resulting from the above described conduct, including the damages and inconvenience resulting from Defendants repeatedly leaving gates opened and unlocked allowing the general public (including, but not limited to, contraband and human smugglers, poachers and rustlers) to conveniently access the Leased Premises.

## VI. INJUNCTIVE RELIEF

21.     The Plaintiff herein would represent to this Honorable Court that the Defendants have totally refused to comply with the provisions of the Wind Lease and have failed to comply with the agreements between the Plaintiff and Defendants to such a repeated degree that the Plaintiff is requesting this Honorable Court to grant permanent injunctive relief against these

Defendants from not complying with the Wind Lease terms and the verbal agreements between the parties. The Plaintiff would state that it has made repeated verbal, telephonic, written and posted signage agreements and instructions to Defendants and the Defendants totally ignore such agreements and totally ignore the provisions of the Wind Lease to such a degree that the Plaintiff's sole and only effective remedy to prevent this conduct is to obtain permanent injunctive relief from each of these Defendants. The Plaintiff does not and should not have to repeatedly come to court in order to have its agreements and Wind Lease provisions enforced by this Honorable Court. As such, the Plaintiff asks that this Honorable Court grant such permanent injunctive relief as the court deems appropriate in order to prevent the historical repeated conduct of the Defendants in violating the Wind lease.

22.   Plaintiff further requests that permanent injunctive relief with appropriate damages for Defendants' violations be ordered by this Honorable Court to prevent the repeated filing of lawsuits against these Defendants and to ensure that the Defendants comply with their obligations to Plaintiff under the Wind Lease. It is obvious that the Defendants have ignored the notice requirements of the Wind Lease and in order to prevent that, the Plaintiff requests injunctive relief with appropriate damages ordering the Defendants to comply with the Wind Lease and its notice requirements.

## VII. NOTICES

23.   It is apparent from the above that the Defendants totally and repeatedly ignored the notice requirements under the Wind Lease and in particular as follows:

    1)   No written notice to purchase caliche;

    2)   No written notice to cut Plaintiff's fences and remove Plaintiff's gates;

    3)    Production payments were not tendered within 45 days of the 2016 production;

    4)    Damage payments were not tendered within 45 days of the operations commencement date;

    5)    No notice as to construction and interference during the hunting season;

    6)    No notice as to the placement and selection of gate guards and designated locations.

This Honorable Court should evaluate and consider the repeated absence of notices to the Plaintiff, as required by the Wind Lease, and this Court should fashion a remedy consistent with the repeated behavior of Defendants of such nature as to deter the future conduct of the Defendants to not give notices and to ensure that notices are given by the Defendants to the Plaintiff. Such remedy should be fashioned so as to prevent the same type of conduct by the Defendants in the future.

## VIII. SUPPORTING DATA AND REVENUE METHODOLOGY

24.    The Plaintiff requests the furnishing of data supporting revenues and a formal accounting from the Defendant Javalina which details all monies by month which go into the "gross revenues" and "credits" accounting columns as defined in the Wind Lease and any renewable energy credits. The Plaintiff has requested such an accounting from the Defendant Javalina, but Defendant Javalina has refused to comply with Plaintiff's request. The Plaintiff requests that this Honorable Court issue an immediate order ordering the Defendant Javalina to produce a detailed accounting necessary to establish the gross revenues and credits from the date of first production and that the Defendant Javalina be required to produce such an accounting on a quarterly basis to the Plaintiff during the term of this Wind Lease so that the Plaintiff can verify

the accuracy of the revenues and credits that are being paid to it by the Defendant Javalina. Such records should be presented by the Defendant Javalina to the Plaintiff at Defendant Javalina's cost.

## IX. JURY DEMAND

25. Plaintiff demands a jury trial and tenders the appropriate fee with this Original Petition for Declaratory Judgment.

## X. CONDITIONS PRECEDENT

26. All conditions precedent, if any, to the relief sought by Plaintiff herein have been met, satisfied, or waived.

## XII. REQUEST FOR ATTORNEYS' FEES

27. Plaintiff has been required to employ the services of the undersigned attorneys and has agreed to pay them reasonable and necessary attorneys' fees for prosecution of this claim through the trial court and in all levels of the appellate process.

28. Plaintiff seeks an award of its reasonable and necessary attorneys' fees and costs and expenses of litigation under the provisions of the Declaratory Judgment Act of the State of Texas and under paragraph 21.14 of the Wind Lease.

29. In addition, Plaintiff seeks an award of its reasonable and necessary attorneys' fees pursuant to TEXAS CIVIL PRACTICE & REMEDIES CODE § 37.009 because such an award would be equitable and just.

## XII. REQUESTS FOR DISCLOSURE

30. Plaintiff herein requests that Defendants disclose within 50 days of the service of this petition, the information or material required under Rule 194 of the Texas Rules of Civil Procedure.

PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, OILTON 26, LTD., prays for declaratory relief and judgment against Defendants JAVALINA WIND ENERGY II, LLC, NEXTERA ENERGY RESOURCES, LLC, ROMAN GALINDO, AND ED LOEB as specified hereinabove including prejudgment interest as provided by law; postjudgment interest as provided by law; reasonable attorneys' fees; costs of suit; and such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

LAW OFFICES OF DONATO D. RAMOS, PLLC
Texas Community Bank Bldg, Suite 350
6721 McPherson Rd., Suite 350
P.O. Box 452009
Laredo, Texas 78041
Telephone: 956-722-9909
Facsimile: 956-727-5884

BY:   /s/ Donato D. Ramos
DONATO D. RAMOS
Texas State Bar No. 16508000
DONATO D. RAMOS, JR.
Texas State Bar No. 24041744

Raul Leal
Texas State Bar No. 24032657
Attorney at Law
5810 San Bernardo, Suite 390
Laredo, Texas  78041
Telephone: 956-727-0039
Facsimile: 956-727-0369

**ATTORNEYS FOR PLAINTIFF**